Ricky PRINCE, Plaintiff/Appellee,

v.

SENTRY INSURANCE COMPANY, Defendant/Appellant.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals Panel, at Jackson.

Nov. 7, 1995.

David J. Deming, Manier, Herod, Holla-baugh & Smith, Nashville, for appellant.

Ricky L. Boren, Hill, Boren, Drew & Martindale, Jackson, for appellee.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's opinion shall be published.

Costs will be paid by Plaintiff/Appellee, for which execution may issue if necessary.

IT IS SO ORDERED.

REID, J., not participating.

## IN THE SUPREME COURT OF TENNESSEE SPECIAL WORKERS' COMPENSATION APPEALS PANEL AT JACKSON

Members of Panel: LYLE REID, Justice, Supreme Court, PHIL B. HARRIS and F. LLOYD TATUM, Retired Judges.

### MEMORANDUM OPINION

Mailed September 25, 1995.

TATUM, Special Judge.

### OPINION

This worker's compensation appeal has been referred to the Special Worker's Compensation Appeals Panel of the Supreme Court in accordance with T.C.A. Sec. 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

This is an appeal by Sentry Insurance Company, the employer's worker's compensation insurance carrier, from judgment awarding a second period of temporary total disability benefits for 8 weeks and 4 days granted to the employee, Ricky Prince. The only issue presented is as follows:

WHETHER THE TRIAL COURT'S AUGUST 30, 1994 ORDER AWARDING PLAINTIFF A SECOND PERIOD OF TEMPORARY TOTAL DISABILITY BENEFITS, ENTERED OVER TWO AND ONE–HALF YEARS AFTER ENTRY OF THE COURT'S FINAL JUDGMENT (WHICH AWARDED PLAIN-

TIFF BENEFITS BASED UPON A PERMANENT PARTIAL DISABILITY OF NINETY PERCENT), IS IMPROPER BECAUSE IT IS NOT AUTHORIZED UNDER THE TENNESSEE WORKERS' COMPENSATION LAW.

We find that the issue has merit and that the judgment complained of must be reversed. The facts are not disputed.

The plaintiff employee filed his worker's compensation suit on August 28, 1990 seeking temporary total and permanent partial disability benefits for an injury arising out of and in the course of his employment for Camden Casting Center on August 23, 1990.

Plaintiff sustained an injury to his left leg. He received medical treatment and returned to work on April 29, 1991, and was found by the Trial Court to have reached maximum medical improvement on May 19, 1991. The case was heard on January 30, 1992 and on February 13, 1992, the Trial Judge entered a judgment making an award to the plaintiff based upon a finding that plaintiff had received 90% permanent partial disability to his right leg. Based upon the award, for permanent disability, plaintiff was to receive $273.00 per week for 180 weeks beginning May 19, 1991. It was also adjudicated that temporary total disability terminated on May 19, 1991 and unpaid benefits for temporary total disability were ordered to be paid.

Plaintiff's permanent partial disability benefits were to be paid periodically, and plaintiff received those disability benefits until October 29, 1994. On July 30, 1993, plaintiff underwent out-patient surgery for the removal of plates and screws from his right tibia, which were inserted as a result of plaintiff's August 23, 1990 accident. As a result of the 1993 surgery, plaintiff missed work from July 30 to September 29, 1993, a period of 8 weeks and 4 days.

On September 21, 1993, plaintiff filed a petition for modification of the prior worker's compensation award, alleging that he had undergone the post-judgment surgery with resulting temporary total disability caused by the August 23, 1990 accident. Plaintiff sought temporary total disability benefits for the 1993 surgery.

The Trial Court found that the plaintiff was entitled to an award based upon the additional temporary total disability benefits for the 8 weeks and 4 days period. The Trial Court ordered that its original judgment be modified so as to suspend payment of benefits for permanent partial disability during the second period of temporary total disability in 1993.

■ We find no exception to the rule that temporary total disability benefits are terminated when an injured employee either becomes able to work at any employment permitted by the nature of his injuries or has attained maximum recovery. In *Lock v. Nat. Union Fire Ins. Co. of Pa.*, 809 S.W.2d 483 (Tenn.1991), the Court stated:

> "It is well settled in this state that '[t]emporary total disability benefits ... are terminated either by the ability of the employee to return to work or [by] the attainment of maximum recovery from his injury.' *Brown Shoe Company v. Pipes*, 581 S.W.2d 140, 141 (Tenn.1979); *Simpson v. Satterfield*, 564 S.W.2d 953 (Tenn.1978). Thus, when a Plaintiff becomes able to work at any employment permitted by the nature of his injuries or has attained maximum recovery, his temporary total disability benefits end."

In *Roberson v. Loretto Casket Company*, 722 S.W.2d 380 (Tenn.1986), the plaintiff suffered an eye injury, which was treated to maximum recovery. He returned to work but told to avoid exposure to eye irritants. After working for nine months, he resisted his employer's order that he assist in unloading lumber, on the basis that the dust irritated his eye. The employer told the plaintiff that he was not needed if he could not do the job as required. The Trial Court held that the subsequent termination did not revive eligibility for temporary total disability benefits. Following the above-stated rule, the Supreme Court affirmed, holding that the

plaintiff had reached maximum recovery before he returned to work and that he actually did return to work.

■ The plaintiff insists that the award for the second period of temporary total disability is authorized by T.C.A. Sec. 50–6–231, which provides as follows:

"**50–6–231. Lump payments final—Modification of periodic payments for more than six months.**—All amounts paid by employer and received by the employee or the employee's dependents, by lump sum payments, shall be final, *but the amount of any award payable periodically for more than six (6) months may be modified as follows:*

(1) At any time by agreement of the parties and approval by the court; or

(2) If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases, the same procedure shall be followed as in Sec. 50–6–225 in case of a disputed claim for compensation." (Emphasis supplied)

This code section only authorizes the modification of "the amount of any award payable periodically for more than six (6) months." This code section is not applicable to an award for temporary total disability payments. The term "award" means a judgment of a Court. There can be no award for temporary total disability payments to be paid periodically. By the very nature of temporary total disability, it must have accrued before any judgment is rendered as there is no way for a trial court to determine a future period of temporary total disability; it can only be determined after its termination. If accrued disability payments for temporary total disability are unpaid at trial, they are ordered to be paid in a lump sum in the judgment; such accrued payments are not ordered to be paid periodically in the future. It would be incorrect to say that temporary total disability benefits could be awarded and payable periodically in the future for more than six months. This statute does not provide a remedy or procedure for modification of a judgment to allow a second period of temporary total disability benefits.

The plaintiff relies upon two unreported cases as supporting his contention that he was entitled to recover the second period of temporary total disability. One case is *Williams v. Witco Corp.*, 19 TAM 3–4, in which the employee returned to work. After he returned to work, there was an additional disability due to anatomical changes which related back to his original injury. Before trial, he had a second period of temporary total disability caused by the additional anatomical changes, for which recovery was awarded. In the case at bar, there were no additional anatomical changes before trial or at any time which rendered the original opinion of the treating doctors to be erroneous.

The other case cited by the plaintiff is *Wise v. Murfreesboro*, 20 TAM, 3–3. In this case, the employee suffered an injury which required a lumbar laminectomy. After the employee returned to work and before trial, pain resumed and it was determined that the second pain was caused by a large recurrent disk herniation at L4–5 which required additional surgery and a second period of temporary total disability was awarded. Both periods of temporary total disability had terminated prior to trial. In the *Wise* case, it was thought by medical experts that she had reached maximum recovery when she returned to work after the first surgery. In the *Wise* case, Judge William S. Russell, speaking for the panel, stated:

"Temporary total disability is generally terminated when the injured employee reaches maximum recovery. The initial period of temporary total disability in this case was so calculated. However, the underlying premise that Ms. Wise had reached maximum medical improvement proved to be premature and incorrect, and another such period followed the second injury. The trial judge correctly awarded additional compensation for that frame."

We do not have the same circumstances in the case before us as in the last two cases referred to. The plaintiff's temporary total disability had terminated before trial and there was an adjudication of the period of time for which the plaintiff was entitled to an award for temporary total disability. There was no subsequent anatomical changes adversely affecting the plaintiff and no new disability was discovered. As above stated, T.C.A. Sec. 50–6–231 does not authorize the petition for modification of the award. There is no other authorization for the modification of the final judgment so as to award a second period of temporary total disability benefits under the circumstances of this case. The period of time lost for the removal of plates and screws from the plaintiff's right tibia was factored into the award for permanent partial disability.

It results that the judgment of the Trial Court is reversed and the case is dismissed. Costs are adjudged against the plaintiff/appellee.

LYLE REID, Supreme Court Justice, and PHIL B. HARRIS, Retired Judge.