FILED

**October 26, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:15 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **Phyllis Hall** | ) **Docket No.: 2015-06-0518** |
| **Employee,** ) | |
| **v.** ) | **State File No.: 40578-2015** |
| **Fisher Installations, LLC** ) | |
| **Employer,** ) | **Judge Joshua Davis Baker** |
| **And** ) | |
| **Accident Fund Insurance** ) | |
| **Carrier.** ) | |

## AMENDED EXPEDITED HEARING ORDER GRANTING TEMPORARY DISABILITY AND MEDICAL BENEFITS[1]

THIS CAUSE came to be heard before the undersigned upon the Request for Expedited Hearing filed by the employee pursuant to Tennessee Code Annotated section 50-6-239 (2014). The employee seeks medical care and temporary disability benefits related to a right rotator-cuff injury. The central dispute is whether the employer must provide treatment for the injury under workers' compensation. The Court finds the employee carried her burden of proving entitlement to medical and temporary disability benefits.

## History of Claim

Ms. Hall is a fifty-year-old resident of Davidson County, Tennessee who worked for Fisher Installations, LLC (Fisher) at the time of the incidents relevant to this claim. Fisher installs auditorium chairs.

On March 24, 2015, Ms. Hall worked for Fisher at Jefferson County High School. Workers recently poured concrete in the area where Ms. Hall worked, and left the concrete molds in place. Ms. Hall walked around the vertical pins supporting the concrete forms, caught her slacks on a pin, and fell to the ground, injuring her right shoulder. Ms. Hall testified she informed Katy Fisher, a co-owner of Fisher, of her

---

[1] Fisher filed a wage statement subsequent to issuance of the Court's order on October 21, 2015. The Court issued this amended order designating the amount of temporary total disability benefits payable.

injury. Ms. Fisher agreed that she knew Ms. Hall fell.

Several days after the incident, Ms. Hall met with Ms. Fisher and Lisa Cunningham, Fisher's director of operations. According to Ms. Hall, Ms. Fisher and Ms. Cunningham gave her the phone number for Tennessee Orthopedic Alliance (TOA) and instructed her to call for an appointment. Ms. Hall called the phone number and set up an appointment.

Ms. Hall treated with Dr. David Alexander at TOA. Dr. Alexander recommended x-rays and an MRI, which confirmed a "massive" right rotator-cuff tear. (Ex. 1 at 14.) Ms. Fisher gave Ms. Hall $120.00 toward her co-payments for two visits with Dr. Alexander. On her TOA Patient Questionnaire, Ms. Hall indicated her injury was not work-related. *Id.* at 26. Ms. Hall testified she indicated her injury was not work-related because Ms. Fisher asked her to get treatment under her private health insurance.

Ms. Hall testified that, when the MRI revealed a torn rotator cuff and Dr. Alexander recommended surgery, Ms. Fisher refused to provide further money for treatment and "basically" told her she was "on her own." On examination, Ms. Fisher denied making this statement, but replied "no" when asked whether Fisher would continue paying Ms. Hall's medical bills. Ms. Fisher stated she only offered to pay for Ms. Hall to undergo diagnostic treatment to ensure that continuing to work would not harm her.

Ms. Fisher admitted she did not report the injury under workers' compensation, but claimed it was because Ms. Hall was concerned she would not pass a drug test, and she did not want Ms. Hall to lose her job.[2] Ms. Cunningham affirmed that Ms. Hall expressed concern about her ability to pass a drug test.

Ms. Hall denied telling Ms. Fisher she could not pass a drug test and claimed Ms. Fisher did not want to report the injury because it could inhibit Fisher's ability to procure work contracts by increasing its workers' compensation "MOD rate." Ms. Fisher denied this influenced her decision. Ms. Cunningham also denied telling Ms. Hall not to file a claim because it would affect Fisher's MOD rate and ability to procure contracts.

Ms. Fisher did not ask Ms. Hall to take a drug test, but stated testing would have been required if she asked for medical treatment. Ms. Fisher, however, did not suspect Ms. Hall was under the influence of drugs when she suffered her injury. Ms. Hall admitted using marijuana in the past, but denied using marijuana near the time of the accident.

---

[2] The general contractor with whom Fisher contracted required drug testing for anyone injured on the jobsite.

Ms. Hall continued to work for Fisher until May 22, 2015. Ms. Fisher did not know Dr. Alexander imposed work restrictions on Ms. Hall that prevented her from working. She maintained, however, that Fisher had light-duty work available, and that Ms. Fisher performed light-duty work until her termination on May 22. Fisher was unwilling to offer Ms. Hall modified duty at the time of the trial because she "abandoned her job" when she failed to show up for work without reporting the reason for her absence. At trial, Ms. Hall stated she was being treated by the doctor and "under doctor's orders."

Ms. Hall underwent surgery to repair her torn right rotator cuff on June 5, 2015. (Ex. 1 at 6-8.) Ms. Hall testified Dr. Alexander had yet to release her to return to work. Ms. Hall's medical records contain three memos taking her off work from the date of surgery until August 27, 2015. *Id.* at 61-64. The records also indicate Ms. Hall had a follow-up appointment scheduled for August 27. *Id*. at 1. The records from this appointment are not before the Court.

Ms. Hall filed a Petition for Benefit Determination. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Hall filed a Request for Expedited Hearing seeking medical and temporary disability benefits. (T.R. 3.) This Court heard both Requests on September 22, 2015.

After the Court issued its order in this case, Fisher filed a wage statement. (Ex. 3.) The Court also entered an agreed order setting the compensation rate. (T.R. 4.) The Court accepted the wage statement as a late-filed exhibit and issued this amended order addressing the amount of temporary total disability benefits payable.

**Findings of Fact and Conclusions of Law**

The General Rules of the Workers' Compensation Program provide the following concerning reporting a workplace injury:

> Each employer, self-insured employer, and/or insurer shall file a Form C-20 (Tennessee Employer's First Report of Work Injury or Illness) in accordance with the following:
>
> (1) The Form C-20 shall be filed with the [Bureau] in all cases where the injury or illness results in the *receipt of medical treatment outside of the employer's premises*, absence from work, retention of a permanent impairment, or death[.]
>
> (2) Employers, other than self-insured employers, shall report the injuries or illnesses described in paragraph (1) of this Rule to their insurer within

3

one (1) business day of knowledge of the injury or illness. Insurers, and self-insured employers, shall file the Form C-20 with the [Bureau] as soon as possible, but not later than fourteen (14) days after knowledge of an injury or illness of a nature that an employee does not return to his or her employment within seven (7) days after the occurrence of the injury or illness. Reports of injuries or illnesses in which an employee returns to his or her employment within seven (7) days or fewer shall be filed as soon as possible, but not later than the fifteenth (15th) day of the month following the month in which the injury or illness occurred.

Tenn. Comp. R. & Regs. 0800-02-01-.06(1)-(2) (2015) (emphasis added.).

This claim presents the hazards and difficulties associated with employers and employees failing to properly report a workers' compensation injury. The following facts are not disputed:

- Ms. Hall suffered an injury to her right shoulder in the course and scope of her work with Fisher.
- Ms. Hall reported her workplace accident to Fisher in a timely manner.
- Ms. Hall received off-premises medical care for her shoulder injury from Dr. Alexander at TOA, who performed corrective shoulder surgery.
- Ms. Hall told TOA her injury did not result from a workplace accident.
- Ms. Hall paid for the surgery, her initial care and any follow-up care by using her private insurance.
- Fisher acquiesced in this course of action and even provided money to cover the cost of some of the associated copays.

Under these circumstances, the law required Fisher to report the accident and injury to its insurer, at the very latest, when Ms. Hall sought medical care from TOA. *Id*. at (2). Fisher failed to do so. The Court finds it failed to do so because Ms. Hall told Ms. Fisher she could not pass a drug test, and Ms. Fisher feared she might have to fire Ms. Hall if she tested positive for marijuana.

While the decision not to report the accident resulted from Ms. Fisher's concern for Ms. Hall, Fisher's failure to report and acquiescence in Ms. Hall's pursuit of treatment under her private health insurance resulted in a violation of the law and exposed Fisher to possible civil penalties. *See Id*. at (1); Tenn. Code Ann. § 50-6-128 (2014).

Fisher cited Ms. Hall's claimed inability to pass a drug test as a defense to this claim. Fisher's failure to report Ms. Hall's accident, however, undermined its attempts to establish an intoxication defense. Although the Workers' Compensation Law bars

4

compensation for injuries or deaths that result from an employee's illegal drug use, the employer has the burden of proof in establishing this defense. *See* Tenn. Code Ann. § 50-6-110(a)-(b) (2014). In order to do so, the employer must prove the employee's intoxication was a proximate cause of the injury. *See Dobbs v. Liberty Mut. Ins. Co.*, 811 S.W.2d 75, 77 (Tenn. 1991).[3]

However, since Fisher failed to report the claim, the workers' compensation insurance carrier had no opportunity to obtain a timely drug test. Ms. Hall denied using marijuana near the time the accident occurred, and Ms. Fisher did not suspect Ms. Hall was under the influence of illegal drugs at the time of the injury. Accordingly, while Ms. Hall's request that Fisher not report her injury raises questions about whether she was under the influence of drugs at the time, the Court finds this suspicion insufficient to carry Fisher's burden of proving that Ms. Hall was intoxicated, much less that her intoxication proximately caused her to trip and fall.

Ms. Fisher established that she suffered a fall that arose primarily out of and in the course and scope of her employment for Fisher. The parties agree that she tripped over a metal pin while working at Jefferson County High School. Subsequently, Dr. Alexander diagnosed her with a right rotator-cuff injury and performed corrective surgery. At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Ms. Hall has come forward with sufficient evidence from which this Court concludes she is likely to prevail at a hearing on the merits. Accordingly, Ms. Hall may recover temporary disability and/or medical benefits.

"The employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment, medicine, medical and surgical supplies, crutches . . . as ordered by the attending physician made reasonably necessary by accident as defined in the chapter." Tennessee Code Annotated § 50-6-204(a)(1)(A) (2014). The Court finds that Fisher must provide Ms. Hall these medical benefits.

The first step would normally be for Fisher to provide Ms. Hall a panel of three physicians and allow her to choose one to provide care. *See Id.* at 50-6-204(3)(a)(i). Here, however, Fisher knowingly allowed Ms. Hall to select a physician from TOA and seek treatment under her private health insurance. Further, Fisher assisted her in

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

receiving care through TOA by providing contact information. If an employer fails to provide a three-physician panel as required by section 50-6-204(3)(A)(i), it risks having to pay for all reasonable and necessary medical expenses incurred by an employee through treatment with an unauthorized physician. *See McCreary v. Yasuda Fire & Marine Ins. Co. of Amer.*, No. 01S01-9507-CH-00106, 1996 Tenn. LEXIS 102, at *5-6 (Tenn. Workers' Comp. Panel Feb. 20, 1996) (citing Tenn. Code Ann. § 50-6-204 and *Lindsey v. Strohs Cos., Inc.*, 830 S.W.2d 899, 902-3 (Tenn. 1992)).

Under these circumstances, the Court finds that Fisher must cover the costs of all care previously provided by Dr. Alexander and reimburse Ms. Hall for all out-of-pocket copay expenses. Additionally, the Court finds that Dr. Alexander is the authorized treating physician and orders Fisher to pay for all reasonable and necessary care required to treat Ms. Hall's work-related injury.

The Court also finds Ms. Hall is entitled to temporary disability benefits. In order to establish a prima facie case for temporary total disability benefits, the worker must show (1) he or she is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004) *Jewell v. Cobble Construction and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015). An employee may recover temporary total disability benefits until she is able to return to work or attains maximum medical improvement (MMI). *Prince v. Sentry Ins. Co.*, 908 S.W.2d 937, 939 (Tenn. 1995).

Through the medical records, Ms. Hall established that her shoulder injury and associated surgery prevented her from working. Dr. Alexander issued off-work memos that prohibited Ms. Hall from working from June 5 to August 27, 2015. Additionally, Ms. Hall testified, without rebuttal, that Dr. Alexander had not released her to return to work as of the date of trial. While Fisher argued it terminated Ms. Hall for cause when she failed to call in to report her absence and further argued it had light-duty work available, the Court finds, based on Dr. Alexander's opinion, that she could not have worked post-surgery even if work were available. The Court finds Ms. Hall is entitled to temporary disability benefits from June 5, 2015, until Dr. Alexander releases her to return to work or she attains MMI.

Based on the parties' agreement, Ms. Hall earned an average weekly wage of $546.08. (T.R. 4.) Her compensation rate is $364.05. *Id.* Ms. Hall is entitled to accrued temporary total disability benefits from June 5 until August 27, 2015. After August 27, 2015, Fisher shall continue temporary disability payments until Ms. Hall is no longer eligible.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care, past and ongoing, for Ms. Hall's injuries shall be paid, and Fisher or its workers' compensation carrier shall provide Ms. Hall with medical treatment for these injuries with Dr. Dave Alexander as required by Tennessee Code Annotated section 50-6-204 (2014). Ms. Hall or her medical providers shall furnish all medical bills to Fisher or its workers' compensation carrier.

2. Fisher shall pay Ms. Hall $4,368.60 in accrued temporary disability benefits for the period from June 5 through August 27, 2015.

3. Fisher or its workers' compensation carrier shall continue to pay temporary disability benefits to Ms. Hall in regular intervals until she is no longer eligible for those benefits. Fisher's representative shall immediately notify the Bureau, Ms. Hall, and Ms. Hall's counsel of the intent to terminate temporary disability benefits by filing Form C-26, citing the basis for the termination.

4. The Clerk shall forward a copy of this order to the Bureau's Penalty Program for investigation of whether Fisher should be assessed a civil penalty for violation of Tennessee Code Annotated section 50-6-128 (2014).

5. This matter is set for a Scheduling Hearing on **November 16, 2015, at 11:00 a.m. Central Time.**

6. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to [WCCompliance.Program@tn.gov](mailto:WCCompliance.Program@tn.gov) no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

7. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email [WCCompliance.Program@tn.gov](mailto:WCCompliance.Program@tn.gov) or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 26th day of October, 2015.**

_____
**Joshua Baker, Judge**
**Court of Workers' Compensation Claims**


Initial Hearing:

 A Scheduling Hearing has been set with **Judge Joshua Baker, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

 **Please Note:** <u>**You must call in on the scheduled date/time to participate.**</u> **Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**


Right to Appeal:

 Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

8

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

<u>Exhibits</u>:

1. Medical Records from Tennessee Orthopedic Alliance/Dr. Dave Alexander
2. Affidavit of Phyllis Hall dated July 15, 2015
3. Wage Statement

<u>Technical Record</u>:[4]

1. Petition for Benefit Determination (PBD), July 14, 2015
2. Dispute Certification Notice (DCN), August 24, 2015
3. Request for Expedited Hearing, August 14, 2015
4. Agreed Order On Workers' Compensation Rate

---

[4] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Daniel C. Todd, Esq. | | | X | dantodd@toddfloyd.com |
| Gordon Aulgar, Esq. | | | X | gordona@accidentfund.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

11