FILED

October 25, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:17 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Buster Barrett,** | ) | |
| **Employee,** | ) | **Docket No. 2015-06-0186** |
| | ) | **State File No. 78378-2014** |
| **v.** | ) | **Date of Injury: August 27, 2014** |
| | ) | |
| **Lithko Contracting, Inc.,** | ) | **Docket No. 2015-06-0188** |
| **Employer,** | ) | **State File No. 24788-2015** |
| | ) | **Date of Injury: January 15, 2015** |
| | ) | |
| **And** | ) | **Docket No. 2015-06-0189** |
| | ) | **State File No. 24789-2015** |
| **Ace American Insurance** | ) | **Date of Injury: January 21, 2015** |
| **and The Travelers,** | ) | |
| | ) | |
| **Carriers.** | ) | **Judge Joshua Davis Baker** |

## INTERLOCUTORY ORDER GRANTING MOTION FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

This case came before the Court on September 26, 2016, for a hearing of Buster Barrett's "Amended Motion to Compel Medical Benefits and Temporary Benefits." Mr. Barrett also presented medical records and a doctor's opinion supporting his Motion.[1] Lithko and its insurance carrier, Ace American Insurance (hereinafter collectively referred to as "Lithko"), opposed the motion, and the parties presented oral arguments.[2] Upon review of the motion and accompanying documents, Lithko's response and the arguments of counsel, the Court finds the motion well-taken and orders Lithko to provide Mr. Barrett medical and temporary total disability benefits.

---

[1] Although presented as a motion for temporary disability and medical benefits, the relief requested is the same relief available through an expedited hearing. Accordingly, any party who wishes to appeal this interlocutory order shall have the same appeal rights as those available for an expedited hearing order.

[2] Lithko had two insurance carriers, and the question of who was required to pay for this claim was the central dispute at an expedited hearing. In its expedited hearing order, this Court determined Ace American Insurance is the responsible party.

## Background

The parties previously participated in an expedited hearing, and this Court entered an order for medical benefits. As established at the expedited hearing, Mr. Barrett suffered a workplace injury while grabbing a concrete hose on August 27, 2014. He initially declined medical treament but later requested it, and Lithko provided treatment through Dr. Harold Nevels at U.S. HealthWorks.

Dr. Nevels diagnosed sprains of the lumbar region, the hip and thigh, and the shoulder and right arm. In addition to the diagnoses, Dr. Nevels recommended Mr. Barrett receive orthopedic care from a specialist. He specifically provided the following comment in a February 4, 2015 Employee Work Status Report: "additional code, e885.9 Ortho referral to evaluate back, left shoulder and left hip/acute or chronic pain from injury."[3] Shortly after Dr. Nevels referred Mr. Barrett for orthopedic care, Lithko terminated him for cause. Lithko never provided Mr. Barrett a panel of orthopedic specialists.

When he received no panel, Mr. Barrett began treating on his own with Dr. Scott Standard and Dr. Robert Beauchamp. Dr. Standard assigned workplace restrictions but did not take Mr. Barrett off work completely. At the time of the expedited hearing, Dr. Beauchamp had not addressed Mr. Barrett's work restrictions.

In an expedited hearing order issued on May 13, 2016, the Court ordered Lithko to pay for care provide by Dr. Standard and named him an authorized treating physician. The Court declined to order Lithko to pay for care provided by Dr. Beauchamp at that time because it lacked information about the reasonableness or necessity of Dr. Beauchamp's treatment. In declining to order Lithko to provide care with Dr. Beauchamp, this Court also stated: "This decision does not prevent Mr. Barrett from submitting further proof of the reasonableness or necessity of Dr. Beauchamp's care in a subsequent proceeding."

Dr. Beauchamp diagnosed Mr. Barrett with a rotator cuff tear and recommended surgery. He scheduled the surgery for May 17, 2016. On the date of the scheduled surgery, Lithko sent Mr. Barrett a panel of orthopedic specialists. Instead of selecting a panel physician, he underwent surgery with Dr. Beauchamp. Dr. Beauchamp took Mr. Barrett off work on May 5, 2016, twelve days prior to the surgery, and he remains off work.

---

[3] This medical record can be found on page 14 of Ex. C from the expedited hearing.

In his Motion and at oral argument, counsel for Mr. Barrett argued that Lithko should be required to pay for his care with Dr. Beauchamp and requested that he be appointed authorized treating physician for his shoulder. Mr. Barrett also sought payment of temporary total disability benefits from May 5, 2016, until Dr. Beauchamp released him to return to work.

Lithko argued that Mr. Barrett should have selected a physician from the panel instead of having surgery with Dr. Beauchamp. It asked that the Court deny Mr. Barrett's request of payment for care rendered by Dr. Beauchamp and order him to select a physician from the panel for continuing care. It claimed the extended period of time it took for the Court to enter an order concerning which carrier was liable for treatment caused it to withhold the panel from Mr. Barrett.

Lithko further argued that it owed Mr. Barrett no temporary disability benefits because it terminated him for cause yet could have accommodated his work restrictions. For this reason, it asserted the Court must deny his claim for temporary total disability.

### Findings of Fact and Conclusions of Law

Although presented as a motion for temporary disability and medical benefits, Mr. Barrett has the same burden of proof as he would at an expedited hearing seeking these benefits. In this case, however, the Court already found he would likely succeed at a hearing on the merits in proving he suffered a compensable workplace injury that entitled him to medical benefits. Accordingly, in order to prevail in his Motion, Mr. Barrett has the burden of proving all essential elements of his claim for additional medical benefits with Dr. Beauchamp and his entitlement to temporary total disability benefits. *See* Tenn. Code. Ann. § 50-6-239(c)(6) (2015); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He does not, however, need to prove every element of his claim for these benefits by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he has the burden to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits on the issues of treatment with Dr. Beauchamp and temporary total disability benefits. *Id.*

When an employee, like Mr. Barrett, has a compensable workplace injury, Tennessee law requires an employer to provide "free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter[.]" *See* Tenn. Code Ann. § 50-6-204(a)(l)(A) (2014). In providing the treatment, the Workers' Compensation Law requires an employer to, "designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or

3

specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3)(A)(i).

Groups of physicians provided under section 50-6-204(a)(3)(A)(i), commonly called "panels," must be offered to the injured employee in a timely fashion. In fact, the Bureau of Workers' Compensation rules require the employer to "immediately" provide the injured employee a panel. Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015). If an employer fails to provide a panel, it risks having to pay for all reasonable and necessary medical expenses incurred by an employee for treatment with an unauthorized physician and also risks having to provide continuing care with the unauthorized physician. *See McCreary v. Yasuda Fire & Marine Ins. Co. of Amer.*, No. 01S01-9507-CH-00106, 1996 Tenn. LEXIS 102, at *5-6 (Tenn. Workers' Comp. Panel Feb. 20, 1996) (citing Tenn. Code Ann. § 50-6-204); *Young v. Young Electric*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16-17 (Tenn. Workers' Comp. App. Bd. May 25, 2016) (holding that the employer who failed to set an appointment with the panel physician was required to provide continued care with the unauthorized physician who treated the employee).

The Court holds Lithko's failure to satisfy its obligation to provide Mr. Barrett a panel of orthopedic specialists forced him to seek unauthorized treatment. When he did not receive a panel, Mr. Barrett sought treatment from Dr. Standard and Dr. Beauchamp. In the expedited hearing order, this Court determined Mr. Barrett acted reasonably when he sought treatment from Dr. Standard for his back injury and appointed Dr. Standard as the authorized treating physician. Based on Dr. Standard's opinion linking Mr. Barrett's back injury to his workplace accident, the Court also ordered Lithko to pay for reasonable and necessary care recommended by Dr. Standard. The Court denied Mr. Barrett's request for treatment with Dr. Beauchamp because it lacked information on the reasonable medical necessity of the treatment for his shoulder.

In this subsequent proceeding, Mr. Barrett provided an opinion from Dr. Beauchamp linking his shoulder condition, a rotator cuff tear, to his workplace accident. Dr. Beauchamp corrected the shoulder surgically, and Mr. Barrett now seeks payment for this care from Lithko. The Court holds that Lithko must pay for the care provided by Dr. Beauchamp.

On the day Mr. Barrett had surgery scheduled with Dr. Beauchamp, Lithko provided him a panel. In its response, Lithko maintains Mr. Barrett should be forced to choose a panel physician.[4] It further argued the failure to provide a panel more quickly

---

[4] Lithko filed a motion where it requested that the Court order Mr. Barrett to select a physician from the panel. As this Court determined that Mr. Barrett may continue to treat with Dr. Beauchamp and appointed him as an authorized treating physician, the motion is denied.

4

was caused by the extended period of time it took for this Court to issue an order following the expedited hearing. Lithko claims it was awaiting an order from this Court to determine who needed to pay for the treatment before offering a panel as Mr. Barrett alleged multiple dates of injury and there were two carriers involved.

While this Court agrees the period between the expedited hearing and the order's issuance was extended, the extended time it took to issue the order does not excuse Lithko's failure to provide a panel of orthopedic physicians to Mr. Barrett *after* the treatment was recommended by the original authorized treating physician, Dr. Nevels, on February 4, 2015. In fact, there appeared to be no dispute of Mr. Barrett's entitlement to medical treatment until Dr. Nevels referred him to an orthopedic specialist.

In short, Lithko provided treatment for Mr. Barrett when he sought it and then cut off treatment after the referral. By the date of the expedited hearing, Mr. Barrett had been denied treatment for seven months despite the referral from Dr. Nevels. The denial of treatment forced Mr. Barrett to begin seeking treatment on his own, and he began treating with Dr. Beauchamp and Northcrest Orthopaedics on June 8, 2015—more than four months after Dr. Nevels referred him for orthopedic care. Dr. Beauchamp has now opined that his shoulder injury was causally related to the August 27, 2014 workplace accident.

This Court holds Lithko lost its right to provide a panel, no matter who needed to pay for the care, when it failed to timely provide a panel of orthopedic physicians in accordance with the referral from Dr. Nevels. *See Young*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16-17. The Court orders Lithko to provide care for Mr. Barrett's shoulder with Dr. Beauchamp and appoints him as the authorized treating physician for care related to Mr. Barrett's shoulder injury.

Mr. Barrett also seeks temporary total disability benefits for the period of time he was unable to work following his shoulder surgery. In order to recover temporary total disability benefits, Mr. Barrett must show (1) he is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004); *Jewell v. Cobble Constr. and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015). An employee may recover temporary total disability benefits until the employee is able to return to work or attains maximum medical improvement. *Prince v. Sentry Ins. Co.*, 908 S.W.2d 937, 939 (Tenn. 1995).

Lithko argued it should not be required to pay Mr. Barrett temporary disability benefits because it terminated him for cause. It cited *Jones v. Crencor,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48 (Tenn. Workers' Comp. App. Bd. Dec.

5

11, 2015), in support of its position. In *Jones*, the Appeals Board held that an employee terminated for cause could not recover temporary partial disability benefits because the employer testified it could have provided him light duty work. The Court finds the *Jones* case is distinguishable because Mr. Barrett, unlike the employee in *Jones*, has been declared unable to work at all.

Here, Mr. Barrett injured his shoulder at work, and the injury required surgical repair. He underwent surgery on May 17, 2016. Dr. Beauchamp took Mr. Barrett off work completely on May 5, 2016, and he remains off work. Because he cannot work, Lithko obviously could not provide accommodating work. Accordingly, the fact that he was terminated for cause has no bearing on the analysis.

The Court holds Mr. Barrett would likely succeed at a hearing on the merits in proving he suffered a compensable work-related injury that has rendered him unable to work. Dr. Beauchamp opined the shoulder injury was causally related to August 27, 2014 workplace accident and took Mr. Barrett off work due to that injury and the resulting surgery. The Court, therefore, grants Mr. Barrett's Motion and holds that Lithko must provide him temporary total disability benefits from May 5, 2016, until Dr. Beauchamp declares he has reached maximum medical improvement or releases him to return to work.

**IT IS, THEREFORE, ORDERED** as follows:

1. Dr. Robert Beauchamp shall serve as the authorized treating physician for Mr. Barrett's shoulder injury.

2. Lithko shall provide medical treatment for Mr. Barrett's shoulder injury with Dr. Beauchamp. Dr. Beauchamp or Mr. Barrett shall provide bills for these services to Lithko.

3. Lithko shall pay Mr. Barrett accrued temporary total disability benefits at his compensation rate from May 5, 2016, through the date of this order, and shall continue making those payments until Dr. Beauchamp releases him to return to work or places him at maximum medical improvement.

4. The parties shall participate in a status conference with the Court on **January 23, 2017, at 9:30 a.m. (CST)**. The Court will convene the status conference via telephone. You must dial (615) 741-2113 or (855) 874-0474 to participate.

5. Unless interlocutory appeal of the Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The

Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED ON THIS THE 25th DAY OF OCTOBER, 2016.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable.

**Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 25th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jill Draughon, Employee's Counsel | | | ✓ | jdraughon@hughesandcoleman.com |
| John Barringer, Counsel for ACE America Insurance/Gallagher Bassett | | | ✓ | jbarringer@manierherod.com |
| Wm. Ritchie Pigue, Counsel for Travelers | | | ✓ | rpigue@tpmblaw.com |
| Patrick Ruth, Second Injury Fund | | | ✓ | patrick.ruth@tn.gov |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**