FILED

November 27, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:58 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **GLENDA EDWARDS,** | ) | **Docket No. 2017-06-0526** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FRED'S PHARMACY,** | ) | **State File No. 6719-2017** |
| **Employer,** | ) | |
| | ) | |
| **And,** | ) | |
| | ) | |
| **SAFETY NATIONAL CASUALTY,** | ) | **Judge Joshua Davis Baker** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS
## (DECISION ON THE RECORD)

---

This claim came before the Court on Ms. Edwards' request for expedited hearing. Ms. Edwards requested that the Court decide her interlocutory claim for benefits based on a review of the record without an evidentiary hearing. Fred's Pharmacy did not oppose her request, and the Court issued a docketing notice giving the parties until October 27, 2017, to file position statements.

Ms. Edwards seeks medical and temporary disability benefits for a psychological injury she alleged resulted from a work-related shoplifting incident. Fred's argues she is entitled to none of those benefits because the psychological injury did not arise out of the shoplifting incident. This Court finds Ms. Edwards is likely to prevail at a hearing on the merits for all the requested benefits and orders Fred's Pharmacy to provide them.

## Claim History

As Ms. Edwards seeks a decision without an evidentiary hearing, the Court derived the facts solely from the file documents. In her affidavit, Ms. Edwards stated she suffered physical and psychological injuries during a January 24, 2017 shoplifting incident at the pharmacy where she worked as an assistant manager. According to her petition for benefit determination (PBD), she hurt her back, neck, arms and ribs when "she confronted the thief and he slammed her into the wall." She alleged "PTSD" (post-traumatic stress disorder) as a result of the incident. A video of the incident showed Ms. Edwards confronted the shoplifter at the front door of the pharmacy. The shoplifter pushed Ms. Edwards through the double doors and escaped. The video does not show the shoplifter pushed Ms. Edwards into a wall.

Fred's provided treatment for Ms. Edwards' physical injuries but declined to provide treatment for PTSD because it claimed she treated with a psychiatrist for similar conditions prior to the incident. Ms. Edwards agreed that she received psychiatric care prior to the shoplifting incident. She argued, however, that the incident exacerbated her preexisting condition and rendered her unable to work.

Dr. Oleksandr Osipchuk, a psychiatrist, treated Ms. Edwards for psychological conditions, including panic attacks and generalized anxiety disorder, for several months before the shoplifting incident. Dr. Osipchuk prescribed Ms. Edwards multiple medications for these conditions during treatment, and Ms. Edwards continued to take those medications when the shoplifting incident occurred.

Dr. Osipchuk also diagnosed Ms. Edwards with PTSD approximately six months before the shoplifting incident. His medical notes, however, indicated no treatment for PTSD following the initial diagnosis until January 30, 2017, approximately one week after the work event occurred.

Despite the previous treatment and diagnoses, Dr. Osipchuk concluded that Ms. Edwards' work incident exacerbated her preexisting conditions. Dr. Osipchuck further concluded her injury arose primarily out of her employment. Dr. Osipchuk took Ms. Edwards off from work immediately after the incident. The last record indicated Ms. Edwards should be off work until April 10, 2017.

## Findings of Fact and Conclusions of Law

While Ms. Edwards must prove all essential elements of her claim by a preponderance of the evidence at a final hearing, she need only present sufficient evidence at this expedited hearing that she is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court holds Ms.

Edwards would likely prevail at a hearing on the merits.

The main issue is whether Ms. Edwards suffered an exacerbation of a psychological condition for which she treated prior to the shoplifting incident. Because Ms. Edwards treated for similar psychological conditions prior to the incident, Fred's argues that Ms. Edwards failed to prove that the incident necessitated additional treatment. It also argued that her mental injury is not compensable. The Court disagrees.

## Compensability

The Workers' Compensation Law defines a mental injury as "a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus[.]" Tenn. Code Ann. § 50-6-102(17) (2017). To prove compensability, Ms. Edwards must show to a reasonable degree of medical certainty that employment contributed more than fifty percent in causing the need for treatment, "considering all causes, as opposed to speculation or possibility." Further, a mental injury generally does not include the aggravation of a pre-existing condition "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *See* Tenn. Code Ann. § 50-6-102(14). Further, the "sudden or unusual stimulus" must be something beyond the normal stress, worry, or anxiety typically experienced by employees working in a similar occupation. *See Reeser v. Yellow Freight Sys.*, 938 S.W.2d 690, 692 (Tenn. 1997). Finally, "[a]n employer takes an employee with all preexisting conditions and cannot escape liability when the employee, upon suffering a work-related injury, incurs a disability far greater than if she had not had a preexisting condition." *Kellerman v. Food Lion, Inc.*, 929 S.W.2d 333, 335 (Tenn. 1996).

Ms. Edwards suffered from depression, anxiety and experienced panic attacks prior to the shoplifting incident. Just after the accident, her symptoms worsened. Though a reading of the medical notes implies that the symptoms leveled off, Dr. Osipchuk gave his opinion that the incident exacerbated Ms. Edwards' preexisting mental conditions. He also stated she has not returned to her preinjury mental state and cannot return to work.

Fred's provided no countervailing medical proof concerning Ms. Edwards' condition. Instead, it argued the medical notes indicate her condition normalized several weeks after the accident occurred. In light of Dr. Osipchuk's opinion that the incident exacerbated her preexisting condition, the Court does not find this argument persuasive. Furthermore, the fact that Dr. Osipchuk diagnosed Ms. Edwards with PTSD sometime before the incident occurred does not bar her from recovery. As an employer, Fred's accepted Ms. Edwards with all preexisting conditions. It cannot escape liability simply because she suffered from similar symptoms or conditions.

Fred's also argued that the mental injury is not compensable because the shoplifting incident did not constitute a sudden or unusual stimulus. It reasoned that because shoplifting commonly occurs in retail settings, and because the shoplifter did not threaten Ms. Edwards or inflict serious physical injury, the incident did not constitute a sudden or unusual stimulus. The Court disagrees.

While the file provided few specifics about Ms. Edwards' job duties, the Court assumes the included the same duties inherent in any retain setting. In general, retail workers mind a store, stock shelves, assist customers with purchases, and complete sales. Here, Ms. Edwards confronted a shoplifter trying to flee the pharmacy. While the shoplifter did not verbally threaten her, he assaulted her and caused her physical injury when she tried to detain him. The Court finds that this is an unusual occurrence in contrast to Ms. Edwards' daily work at Fred's. When coupled with her preexisting mental condition, the Court holds that the shoplifting incident qualifies as an incident capable of producing a compensable mental injury under the Workers' Compensation Law. For these reasons, the Court holds Ms. Edwards would likely prevail at a hearing on the merits in proving she suffered an exacerbation of her mental health condition.

## Medical Benefits

The Court turns to the issue of medical benefits. Tennessee law requires an employer to provide "free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(l)(A). In providing the treatment, the Workers' Compensation Law requires an employer to "designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3)(A)(i).

Groups of physicians provided under section 50-6-204(a)(3)(A)(i), commonly called "panels," must be offered to the injured employee in a timely fashion. In fact, the Bureau of Workers' Compensation rules require the employer to "immediately" provide the injured employee a panel. Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015). If an employer fails to provide a panel, it risks having to pay for all reasonable and necessary medical expenses incurred by an employee for treatment with an unauthorized physician and also risks having to provide continuing care with the unauthorized physician. *See Young v. Young Electric*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16-17 (May 25, 2016).

Fred's offered no panel. Ms. Edwards treated with Dr. Osipchuk. Dr. Osipchuk determined the incident at the store exacerbated Ms. Edwards' underlying mental health condition. The incident occurred on January 24, 2017, and Ms. Edwards treated with Dr. Osipchuk continuously after its occurrence. Thus, the Court holds Fred's must provide

Ms. Edwards reasonable and necessary medical treatment with Dr. Osipchuk whom the Court appoints as the authorized treating physician.

## Temporary Disability Benefits

Ms. Edwards also seeks temporary total disability benefits for the period of time she was unable to work. In order to recover temporary total disability benefits, Ms. Edwards must show (1) she is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Jewell v. Cobble Constr. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015). An employee may recover temporary total disability benefits until the employee is able to return to work or attains maximum medical improvement. *Prince v. Sentry Ins. Co.*, 908 S.W.2d 937, 939 (Tenn. 1995).

Dr. Osipchuk took Ms. Edwards off work from the date of her injury until April 10, 2017, and causally related her inability to work to the work injury. Thus, the Court finds he took her off work for reasons related to the shoplifting incident. For this reason, the Court holds Ms. Edwards would likely prevail at a hearing on the merits in proving her entitlement to temporary disability benefits for this period of time. The Court holds that Fred's must provide Ms. Edwards accrued temporary total disability benefits for this period of time.

Although the dispute certification notice indicated the parties filed a wage statement, the record did not include a wage statement. Additionally, neither party presented any evidence concerning Ms. Edwards' average weekly wage. The Court, therefore, cannot calculate the amount of benefits owed.

**IT IS, THEREFORE, ORDERED** as follows:

1. Fred's Pharmacy shall provide Ms. Edwards continuing medical treatment with Dr. Osipchuk for her work-related psychological condition. Dr. Osipchuk or Ms. Edwards shall provide bills associated with this treatment to Fred's or the insurance carrier for payment.

2. Fred's Pharmacy shall pay Ms. Edwards' accrued temporary total disability benefits for the period from January 25 through April 10, 2017. Fred's Pharmacy shall file a wage statement with the Court within seven business days from entry of this order detailing her wage history so that the Court may calculate the exact payment amount.

3. Ms. Edwards' request for continuing temporary total disability benefits is denied at this time.

4. This matter is set for a Scheduling Hearing on Monday, January 22, 2018, at 9:30 a.m. (CST). **You must call 615-741-2113 or toll-free at 855-874-0474 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED ON NOVEMBER 27, 2017.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Affidavit of Glenda Edwards
5. Medical Records of Dr. Oleksander Osipchuk
6. Medical Records of Westmoreland Family Clinic
7. Medical Records of Dr. Kimberly Snyder
8. Causation Letter Completed by Dr. Osipchuk
9. Fred's Pharmacy's Prehearing Statement
10. Surveillance Video
11. Ms. Edward's Position Statement

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing order was sent to the following recipients by the following methods of service on November 27th, 2017.

| Name | Certified Mail | Via Fax | Via Email | Address |
|------|----------------|---------|-----------|---------|
| Andrea Meloff | | | X | ameloff@ddzlaw.com |
| James Tucker | | | X | jtucker@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**