Frances Reynolds **KELLERMAN,**
**Plaintiff–Appellee,**

v.

**FOOD LION, INC., Defendant–Appellant.**

Supreme Court of Tennessee,
Special Worker's Compensation
Appeals Panel,
at Nashville (June 25, 1996 Session).

Sept. 5, 1996.

Jonathan Cole, Baker, Donelson, Bearman & Caldwell, Nashville, for Appellant.

James F. Conley, Copeland, Conley & Hazard, Tullahoma, for Appellee.

*Members of Panel:*
FRANK F. DROWOTA, III, Associate Justice, Supreme Court Judge, JOE C. LOSER, Jr. and CORNELIA CLARK, Jr., Special Judges.

*MEMORANDUM OPINION*

Mailed July 24, 1996

JOE C. LOSER, Jr., Special Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. section 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. In this appeal, the employer contends (1) the chancellor erred in not accepting the opinion testimony of the claimant's treating physician, (2) the claimant's back injury is not compensable because the evidence failed to establish that "the accident either otherwise injured her or advanced the severity of her preexisting condition, (3) that the chancellor erred in considering expert medical testimony not based on reasonable medical certainty, and (4) the award of permanent partial disability benefits is excessive. The panel concludes that the evidence fails to preponderate against the findings of the trial court. The judgment is modified as provided herein.

On November 29, 1993, the claimant, Kellerman, slipped and fell in a puddle of water at work, twisting her right knee and injuring her back. She was eventually referred to Dr. Richard Bagby, who saw her on January 13, 1994 and January 20, 1994.

Dr. Bagby ordered a CT scan and studied the results. He opined that the claimant reached maximum medical improvement on January 24, 1994, when she was released to

return to work with some minor restrictions. The doctor further opined that she would not retain any permanent impairment. We do not find in the record the degree of certainty upon which the doctor's opinion was based. The claimant returned to Dr. Bagby on March 1, 1994, when he noted her continuing pain but did not change her restrictions from lifting more than twenty pounds or any repetitive bending, or assess any permanent impairment.

The claimant was referred to Dr. Keith Brown for examination and evaluation. Dr. Brown performed additional testing which put stress on her knee and back. From his examination, particularly a positive McMurray's test, this doctor diagnosed a torn medial meniscus in the right knee joint, which, if not treated, will worsen, he said. He assigned a permanent impairment rating of five percent to the right leg, using AMA Guidelines, and added restriction from any kneeling or stooping activities.

Dr. Brown further opined that the claimant's disabling back pain was permanent and causally related to the injury at work. He diagnosed circumferential disc disorder which, he said, may or may not have preexisted that injury but was aggravated by the injury, and assigned an additional permanent impairment of ten percent to the whole person, from AMA Guidelines. His testimony included the following question and answer:

Q. In the opinions you have expressed, have they been based on a reasonable degree of medical certainty?

A. Yes, sir, they have.

The claimant testified that she did not have back and knee pain before her injury at work. The chancellor found her to be a credible witness and we find in the record no reason to disagree. Both doctors are well qualified orthopedic surgeons.

■ The chancellor found from the evidence that the claimant would retain permanent partial industrial disabilities of twenty percent to the right leg and twenty-five percent to the body as a whole. Appellate review is de novo upon the record of the trial court, accompanied by a presumption of correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. section 50–6–225(e)(2). Where the trial judge has seen and heard the witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must be accorded those circumstances. *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315 (Tenn.1987).

■ When medical testimony differs, it is within the discretion of the trial judge to determine which expert testimony to accept. *Hinson v. Wal–Mart Stores, Inc.*, 654 S.W.2d 675 (Tenn.1983). From a careful review of the record and consideration of the circumstances of this case, we find no error by the trial judge in accepting the opinions of Dr. Brown.

■ As the employer contends, where work aggravates a pre-existing condition merely by increasing pain, there is no injury by accident. *Townsend v. State*, 826 S.W.2d 434 (Tenn.1992). In this case, however, the claimant clearly did suffer an injury by accident when she slipped and fell on a wet floor.

■ An employer takes the employee with all pre-existing conditions and cannot escape liability when the employee, upon suffering a work-related injury, incurs disability far greater than if she had not had the pre-existing conditions. *Rogers v. Shaw*, 813 S.W.2d 397 (Tenn.1991). The evidence fails to preponderate against the chancellor's finding that the disability resulting from the claimant's back injury is compensable.

■ Absolute certainty on the part of a medical expert is not necessary to support a workers' compensation award, for expert opinion must always be more or less uncertain and speculative, *Stratton–Warren Hardware v. Parker*, 557 S.W.2d 494 (Tenn.1977); and, where equivocal medical evidence combined with other evidence supports a finding of causation, such an inference may nevertheless be drawn under the case law. *Jackson v. Greyhound Lines, Inc.*, 734 S.W.2d 617 (Tenn.1987). Except where permanent disability is obvious to a layman, a finding of permanency must be based on competent medical evidence that there is a medical

probability of permanency or that permanency is reasonably certain to be permanent. *Singleton v. Procon Products*, 788 S.W.2d 809 (Tenn.1990). The findings of the chancellor with respect to causation and permanency are supported by competent medical proof and the evidence fails to preponderate against those findings.

Once the causation and permanency of an injury have been established by expert testimony, a trial judge may consider many pertinent factors, including age, job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to anatomical impairment, for the purpose of evaluating the extent of a claimant's permanent disability. Tenn.Code Ann. section 50–6–241(a)(2). Ms. Kellerman is 49 years old with a high school education and some college level training in ceramics. She has worked as a bank teller and as a cashier in grocery stores. She no longer works for Food Lion but is gainfully employed elsewhere. From our review of the record, we conclude that the evidence fails to preponderate against the findings of the chancellor concerning the extent of her permanent industrial disability.

 It is the rule in Tennessee that where an injury is to more than one member, one of which is scheduled and the other of which is not scheduled, benefits are allowable on the basis of percentage of the body as a whole. *Continental Ins. Co. v. Pruitt*, 541 S.W.2d 594, 596 (Tenn.1976). Since the back is not a scheduled member, this is such a case. The judgment of the trial court is therefore modified to provide for an award based on thirty-five percent permanent partial disability to the body as a whole.

As modified, the judgment of the trial court is affirmed. The cause is remanded to the trial court for such further proceedings, if any, as may be appropriate. Costs on appeal are taxed to the defendant-appellant.

FRANK F. DROWOTA, III, Associate Justice, and CORNELIA CLARK, Judge, concur.

## JUDGMENT ORDER

### PER CURIAM.

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and the Court hereby recommends that the opinion of the Workers' Compensation Appeals Panel be published; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs will be paid by Defendants/Appellants and Surety, for which execution may issue if necessary.