CITY OF LAFAYETTE,                    )
                                      ) Appeal No.
          Plaintiff-Appellant,        ) 01A01-9901-CV-00056
                                      )
v.                                    )
                                      ) Macon Circuit
MARK & RUBY HAMMOCK,                  )
                                      )
          Defendants-Appellees.       )
                                      )

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF MACON COUNTY
AT LAFAYETTE, TENNESSEE

THE HONORABLE BOBBY CAPERS, JUDGE



LISA COTHRON STINNETT
100 E. Locust street
Lafayette, TN 37083
        Attorney for Plaintiff-Appellant

WILLIAM JOSEPH BUTLER and E. GUY HOLLIMAN
FARRAR & HOLLIMAN
102 Scottsville Highway
P.O. Box 280
Lafayette, TN 37083
        Attorney for Defendants-Appellees



AFFIRMED AND REMANDED



                              HERSCHEL P. FRANKS, JUDGE

CONCUR:
GODDARD, P.J.
CAIN, J.

OPINION

In its eminent domain proceeding, the City of Lafayette (City) took a small strip of Mark and Ruby Hammock's land along the City's right-of-way for an existing street.

The Trial Court awarded damages of $1,500.00 for the land taken, and incidental damages to the remainder in the amount of $11,000.00.

The City has raised the following issues on appeal:

1. Whether the Court abused is discretion by interfering with the presentation of the City's case?

2. Whether excessive weight was given to the testimony of an unlicensed real estate broker?

3. Whether the Court erred by admitting as an expert on land valuation, a real estate broker who was not licensed as an appraiser, and who did not follow accepted appraisal techniques in arriving at this opinion of value?

4. Whether there was any credible material evidence to support the Court's ruling as damage value.

Essentially, the City argues that the Trial Judge, by questioning witnesses "interfered" with the presentation of its case. Our review of the record does establish that the Trial Judge was proactive in questioning witnesses.

Tennessee Rules of Evidence, Rule 614(b), permits the Judge to interrogate witnesses, and it does not appear that the Judge's questioning prevented counsel from asking any questions of the witnesses, nor was any objection made to the procedures. Judges have broad discretion in conducting trials. However, the better practice is to permit counsel to present his or her evidence without interruption, and if the Court then feels further information should be developed,

2

the Judge then can further interrogate the witness.

Since the City was not denied the right to offer evidence or question its witnesses, we find this issue to be without merit.

The Hammocks called J.T. Shrum as an expert witness, and the City asserts that it was error for the Court to allow Shrum to testify as an expert, and further that "excessive weight" was given to his testimony.

The weight to be given to testimony is essentially for the trier of fact to determine. *See Kellerman v. Food Lion, Inc.*, 929 S.W.2d 333, 335 (Tenn. 1996).

The witness testified that he had fifteen years experience as a real estate broker[1] in Macon County, had personally bought and sold real estate in that county for several years, and that he had long been familiar with the particular piece of property owned by the Hammocks. He also stated that he had previously testified and been accepted as an expert witness on land valuations by numerous courts, including that trial court and other trial courts in the district, as well as the Federal District Court. The Trial Judge properly permitted this witness to offer opinions on value on the issues before the Court.

The City relies on Tennessee Code Annotated §62-39-103, as a basis to disqualify Shrum from testifying because he does not hold a real estate appraiser's license. We cannot agree. T.C.A. §62-39-335 allows a real estate broker to offer an opinion of value in the courts of this State.

As to the final issue, the amount of just compensation is a question of fact for the trier of fact to determine. *Schook & Fletcher Supply Co. v. City of*

---

[1]There is nothing in the record to indicate that the witness was "an unlicensed real estate broker".

*Nashville*, 47 Tenn. App. 339, 338 S.W.2d 237, 238-243 (1960).

We conclude the evidence does not preponderate against the awards of damages, T.R.A.P. Rule 13(d).

The property owner testified that the fair market value of the property actually taken was $2,000.00 and the City's appraiser testified that the value was $550.00. The owners testified that the remainder of their property was damaged between $20,000.00 and $30,000.00 and their expert Shrum offered his opinion that the remainder of their property had diminished in value of $19,500.00, which amount did include the property actually taken. The City's appraiser was of the opinion there were no incidental damages, although plaintiff offered proof of severe flooding and erosion, due to the City's project, and reduced access to the remainder of their property.

Hammock testified that after the City finished the project, there had been severe erosion, and since the completion of the project, water had flooded his driveway and accumulated near the rental house on the property on several occasions. He testified that prior to the taking he had two separate driveways to his property, one to his home and the other to the rental house. The project had restricted access to the property, i.e., one shared driveway and the City's erection of a guard rail had essentially eliminated any road frontage on the undeveloped portion of his property, which could have been used as a building lot. We note that Shrum, in arriving at his opinion of value, took into account the flooding testified to by the owner, and he was further of the opinion that the lack of access to the vacant lot rendered it no more than a "garden spot" in his calculation of values.

We affirm the awards of damages made by the Trial Court and remand with costs of the appeal assessed to the appellant.

4

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William B. Cain, J.