**FILED**

**December 13, 2016**

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| Shanan Holborn, | ) | Docket Nos.: 2015-04-0010 |
| Employee, | ) | 2015-04-0065 |
| v. | ) | |
| Wal-Mart, | ) | State File Nos.: 62832-2014 |
| Employer, | ) | 49410-2015 |
| And | ) | |
| New Hampshire Insurance Co., | ) | Judge Robert Durham |
| Insurance Carrier/TPA. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by Shanan Holborn on October 28, 2016, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if Wal-Mart, is obligated to pay temporary disability benefits, reimbursement for emergency room visits, and provide additional medical treatment for Ms. Holborn's work-related injuries.[1]  Pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.02(13) (2015), Ms. Holborn requested that the Court issue a ruling based on a review of the file without an evidentiary hearing.  Wal-Mart voiced no objection.  Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

On November 17, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record to be reviewed on November 30.  (T.R. 19.)  Wal-Mart made numerous objections to statements contained in Ms. Holborn's affidavits.  (Ex. 46, 47.)  The Court sustains Wal-Mart's objection to hearsay contained in Paragraph 4 of the

---

[1] Ms. Holborn's claims were previously addressed in an Expedited Hearing Order dated June 28, 2016.  The Order is attached hereto and incorporated by reference in its entirety, as are the exhibits and testimony considered in rendering the opinion.  In determining this claim, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing.  *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

1

Affidavit marked as Exhibit 46 regarding Dr. Cruz's comments as well as the hearsay in Paragraph 6 regarding Dr. Yu's recommendations, but only to the extent this information is not contained within otherwise admissible medical records attached as exhibits. The Court also sustains objections made to the admissibility of records, or the information contained within them, that were ruled inadmissible at the prior hearing. The remaining objections brought by Wal-Mart are overruled.

The dispositive issues are whether Ms. Holborn is entitled to further medical treatment for her right foot and low back injuries and whether she is entitled to further medical treatment for her low back injury with a doctor other than Dr. Leonardo Rodriguez-Cruz. Secondary issues include whether Ms. Holborn is entitled to temporary disability benefits and whether she was justified in seeking unauthorized emergency room treatment for her low back, and is thus entitled to reimbursement for those expenses. The Court finds the evidence submitted by Ms. Holborn is insufficient to establish she is likely to prevail at trial with regard to any of these issues at this time.

### History of Claim

The Court recounted the history of Ms. Holborn's claims prior to June 28, 2016, in the first Expedited Hearing Order, which is incorporated herein by reference. (T.R. 1.) In accordance with the Order, Wal-Mart authorized Ms. Holborn to return to Dr. Leonardo Rodriguez Cruz for reasonable and necessary treatment of her work-related low back injury. Ms. Holborn returned to Dr. Cruz on July 21, 2016, and reported moderate low back pain radiating down her left side, unchanged since her last visit, and pain radiating from her right heel to the back of her kneecap. (Ex. 3 at 1.)

On exam, Dr. Cruz noted moderate right-sided muscle tenderness and spasms in Ms. Holborn's low back; however, the straight leg raise test was negative bilaterally. (Ex. 3 at 2.) Dr. Cruz placed Ms. Holborn at maximum medical improvement as of her last appointment on January 19, 2015, and assigned a two percent impairment rating to the body as a whole. He kept her work restrictions at the "light-medium demand level." He further opined that her "uneven gait is related to her right-foot pain causing low back pain" and recommended she follow-up with her orthopedic appointment for her right-foot injury. Dr. Cruz concluded by stating there was no need for Ms. Holborn to follow-up with him. *Id.*

With regard to her right-foot injury, Ms. Holborn returned to Dr. Alan Drake on July 12, 2016. (Ex. 4 at 2.) Dr. Drake noted that Ms. Holborn asserted her foot pain had "shifted somewhat" so that she now hurt through her entire right heel. She also claimed to suffer some numbness and tingling across the top of her foot and the medial aspect of her lower leg. *Id.* On examination, Dr. Drake did not note any abnormalities. He did not write any new prescriptions, but recommended an evaluation by a podiatrist located in Sparta or a foot specialist at Tennessee Orthopedic Alliance (TOA). *Id.* at 3.

2

In response, Wal-Mart authorized Ms. Holborn to see Dr. James Yu, an orthopedist with TOA, on August 4, 2016. The Work-Link Physician's Report from August 4, 2016, indicates Dr. Yu recommended that Ms. Holborn undergo an MRI of her right foot. (Ex. 5 at 1.) She returned to Dr. Yu on August 25, 2016, for follow-up. Dr. Yu noted Ms. Holborn "continues to have diffuse pain radiating from the hip and buttocks area down her leg to her foot." (Ex. 5 at 2.) Examination revealed mild tenderness on general palpation of her right foot, but no point tenderness. Dr. Yu reviewed the MRI and noted it was basically normal. *Id.* Dr. Yu concluded Ms. Holborn's symptoms did not stem from her foot, but originated from her low back given that she reported an abnormal lumbar MRI and complained of radiating pain from her hip and buttocks to her foot. As a result, he recommended that she return to her "spine surgeon" or possibly seek another opinion. He did not recommend any restrictions for her right foot. *Id.*

In addition to the medical records, Ms. Holborn also submitted two affidavits. In one affidavit, Ms. Holborn indicated the symptoms in her back and foot have not resolved since her initial injuries and new symptoms have arisen, although she did not specify the nature of these symptoms. (Ex. 1.) She further indicated she still suffers from pain and continues to be unable to work. *Id.* In the other affidavit, Ms. Holborn provided further testimony regarding her emergency room visits detailed in the previous order. (Ex. 2.) She averred that after being released by her authorized doctor on January 19, 2014, she called CMI, Wal-Mart's third-party administrator, in an attempt to get another appointment scheduled, but no one would return her calls. *Id.* She further averred that after her initial emergency room visit, she again attempted to contact CMI to obtain a follow-up appointment with her authorized physician, but again received no response. As a result, she again went to the emergency room. *Id.*

Finally, Ms. Holborn provided a statement detailing mileage expenses for her visits to TOA and to obtain the MRI of her right foot. (Ex. 6.) The statement requested $208.96 in reimbursement. However, Wal-Mart stated in its Response to Ms. Holborn's REH that it has since provided complete reimbursement for Ms. Holborn's mileage expenses. (T.R. 4.)

Ms. Holborn contended she is entitled to additional medical care for her low back given that she remains incapacitated by pain and Dr. Yu opined her right lower extremity symptoms stemmed from her low back injury and recommended she see a spine surgeon for follow-up. She also contended she is entitled to temporary disability benefits given that she is unable to work due to her condition. Finally, she contended she was compelled to seek emergency room treatment for her pain since CMI, Wal-Mart's third-party administrator, refused to acknowledge her requests for additional medical care following Dr. Cruz's release.

3

Wal-Mart countered that it has provided Ms. Holborn with all medical benefits required by law in full compliance with the Court's previous order. Furthermore, Ms. Holborn has not provided any expert medical opinions establishing she is entitled to temporary disability benefits. Finally, Ms. Holborn has not provided sufficient evidence to establish she attempted to contact Wal-Mart or CMI before going to the emergency room or that the expenses incurred there were reasonable and necessary for treatment of her work-related injuries. As a result, the Court should deny Ms. Holborn's request for benefits.

## Findings of Fact and Conclusions of Law

The Court considers the following legal principles in reaching its conclusions in this matter. The Court must interpret the Workers' Compensation Law fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). Ms. Holborn has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Ms. Holborn need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Ms. Holborn has the burden to come forward with sufficient evidence from which the trial court can determine she is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In the previously-issued Order, the Court determined that Dr. Cruz remained Ms. Holborn's authorized physician for any additional medical care she might reasonably require for treatment of her work-related injury on July 4, 2014. Wal-Mart complied with this Order by authorizing a follow-up appointment with Dr. Cruz on July 21, 2016. Following his examination, Dr. Cruz opined that Ms. Holborn's impairment, restrictions, and MMI date remained the same as the last time he saw her. He further opined that any back pain was referred from the altered gait caused by her right-foot injury, and there was no need for him to see her for additional treatment, nor did he refer her for further evaluation or treatment.

Subsequently, Wal-Mart authorized Dr. Drake to treat Ms. Holborn for her right-

foot injury, again in compliance with the Court's previous Order. Dr. Drake found no abnormalities, but referred Ms. Holborn to a podiatrist or a "foot specialist" at Tennessee Orthopedic Alliance (TOA). Wal-Mart complied with this instruction by sending Ms. Holborn to Dr. Yu with TOA. Dr. Yu did not find any abnormalities in Ms. Holborn's foot, but opined that, based on her history and her symptoms, her low back injury caused the pain that radiated down her lower extremity to her foot. He recommended that she return to Dr. Cruz or see another specialist for a second opinion.

Ms. Holborn argued that Dr. Yu's referral entitles her to see another doctor for her low back injury given that Dr. Cruz has already indicated there is no need for him to see her for additional treatment. While her argument has some merit on its face, the Court denies her request for the following reasons:

First, Dr. Cruz is a neurosurgeon who saw Ms. Holborn several times and who had an opportunity to review the MRI taken of Ms. Holborn's lumbar spine. Dr. Yu is an orthopedist specializing in foot injuries who only saw Ms. Holborn on one occasion and did not actually review her lumbar MRI. Furthermore, Dr. Cruz's opinion is substantially corroborated by the independent medical evaluation of neurosurgeon, Douglas Matthews, M.D., as described in the previous Order.

Finally, Dr. Yu, who saw Ms. Holborn only after her dismissal by Dr. Cruz, clearly relied upon Ms. Holborn's complaints and description of her history in rendering his opinion. Based on the records, it appears Ms. Holborn's complaints to Dr. Cruz were quite different from those described to Dr. Yu. Dr. Cruz noted Ms. Holborn asserted her low back symptoms were unchanged from her last visit, and she suffered from moderate low back pain that radiated on her *left* side. Dr. Cruz did not document any complaints of radiating pain on the right side in his June 14, 2016 note. Ms. Holborn also complained of pain that radiated *from her right heel to the back of her kneecap.* Dr. Yu, on the other hand, observed that Ms. Holborn "*continues to have diffuse pain radiating from the hip and buttocks area down her leg to her foot.*" (Emphasis added.)

It is generally within a trial court's discretion to choose which expert to accredit when there is a conflict of expert opinions. *Kellerman v. Food Lion, Inc.,* 929 S.W.2d 333, 334 (Tenn. 1996); *Johnson v. Midwesco, Inc.,* 801 S.W.2d 804, 806 (Tenn. 1990). Given the factors stated above, the Court gives greater weight to Dr. Cruz's opinion that Ms. Holborn does not require any additional medical treatment at this time for the work-related injury to her low back. Therefore, the Court finds that, at this time, Wal-Mart has provided all medical benefits required by Workers' Compensation Law and the Court's previous Order and holds that Ms. Holborn has not provided sufficient evidence at this time to establish her likelihood at prevailing at trial on this issue.

As to Ms. Holborn's request for temporary disability benefits, "an injured worker may be entitled to temporary partial disability benefits when the temporary disability

resulting from a work-related injury is not total." *Hackney v. Integrity Staffing Solutions*, No. 2016-01-0091, TN Wrk. Comp. App. Bd. LEXIS 29 at *11 (Tenn. Workers' Comp. App. Bd., July 22, 2016). As the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has observed, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id.*, (quoting *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005)). However, an employee is not entitled to temporary disability benefits simply because a physician has assigned temporary restrictions if the employee is able to work without loss of income. *Id.* Furthermore, temporary disability benefits are not owed once the employee reaches maximum medical improvement. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

As described in the previous Order, Dr. Drake placed Ms. Holborn under restrictions for her low back complaints on August 25, 2014, of no lifting more than five pounds and no prolonged standing. After receiving the restrictions, Ms. Holborn returned to work for one day, but stopped working thereafter, claiming her back hurt too much. She did not provide any evidence to establish that the duties Wal-Mart asked her to perform violated Dr. Drake's restrictions.

Dr. Cruz opined Ms. Holborn reached maximum medical improvement on January 19, 2015. When he saw her again on July 21, 2016, he reiterated his opinion that Ms. Holborn had reached maximum medical improvement for her low back on January 19, 2015. Ms. Holborn has offered no medical evidence indicating otherwise. Ms. Holborn provided no evidence she has ever been taken off work or received physical restrictions from any doctor for her right-foot injury.

Thus, the issue is whether Ms. Holborn is entitled to temporary partial disability benefits from August 27, 2014, until January 19, 2015, which requires the Court to determine if the parties put forth a reasonable effort in returning Ms. Holborn to work. *Hackney*, at *12. "The ultimate resolution of [this issue] will be leavened by an assessment of the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work." *Id.* at 12-13, (quoting *Newton v. Scott Health Care Ctr.*, 914 S.W.2d 884, 886 (Tenn. Workers' Comp. Panel 1995)).

In this instance, Ms. Holborn did not provide any evidence that Wal-Mart failed to accommodate the restrictions placed on her by Dr. Drake when she returned to work in August 2014. Furthermore, she only attempted to work one day before stating she could not do it due to low back pain. She provided no evidence that she asked Wal-Mart to modify the work it had provided her to assist with her pain. She also provided no evidence to indicate she asked either Dr. Drake or Dr. Cruz to modify her restrictions further. Under the circumstances, the Court finds Ms. Holborn failed to establish she is

6

likely to prevail at trial in proving that her refusal to work under Dr. Drake's restrictions was reasonable. *Id.* As a result, the Court holds Ms. Holborn is not entitled to temporary disability benefits at this time.

With regard to Ms. Holborn's unauthorized emergency room visits, whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.,* 713 S.W.2d 654, 656 (Tenn. 1986). In *Buchanan,* the Supreme Court concluded that the statute:

> [M]akes it clear that the intent [of the Legislature] . . . was for the employee to certainly do no less than consult his employer before incurring the expenses called for by that statute if the employee expects the employer to pay for it. The opposite would seem to be against public policy.

*Id.* at 657. In addition, the Supreme Court has held that when an employee receives medical care for a work-related injury that the employer did not authorize, the employee must establish the necessity and reasonableness of the charges before the employer is responsible. *Moore v. Town of Collierville,* 124 S.W.3d 93, 98 (Tenn. 2004).

In this matter, Ms. Holborn stated in her affidavit that that she did not seek emergent care until after Dr. Cruz discharged her on January 19, 2015, and she could not get CMI to return her calls regarding additional treatment. However, as described in the previous order, her first emergency room visit, and the only one she provided any records for, occurred on October 6, 2014, while Dr. Cruz was still treating her. There was no medical evidence establishing why emergent care was reasonable or necessary. Furthermore, Ms. Holborn did not provide any evidence as to whether she attempted to receive authorization from Wal-Mart before seeking emergent care for those unauthorized visits. *Buchanan,* at 656. Under the circumstances, the Court finds Ms. Holborn provided insufficient evidence to establish she would likely prevail at trial regarding reimbursement of emergency room expenses. As a result, the Court denies her request for reimbursement at this time.

Finally, Ms. Holborn also sought reimbursement for mileage expenses for her trips to Nashville during her treatment with Dr. Yu. Ms. Holborn is certainly entitled to those expenses; however, Wal-Mart indicated that it has already paid them, and Ms. Holborn provided no information to the contrary. Therefore, the issue appears moot.

**IT IS, THEREFORE, ORDERED** as follows:

1.     Ms. Holborn's request for additional medical benefits, reimbursement of past medical expenses, and temporary disability benefits is denied at this time.

7

2. This matter is set for Scheduling Hearing/Status Conference on January 26, 2017, at 9:00 a.m. C.T.

**ENTERED THIS THE 13TH DAY OF DECEMBER, 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing/Status Conference has been set with Judge Robert Durham, Court of Workers' Compensation Claims. **You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Hearing.**

**Please Note:** **You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying

8

the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Medical records from Cookeville Regional Medical Center
2. X-ray report
3. First Report of Injury
4. Choice of Physician form
5. Physician Work Status Report
6. Work release form
7. Patient Work Status form
8. Cumberland Physical Therapy records
9. Work Release form
10. MRI report
11. Work Release form
12. Medical records from Cookeville Regional Medical Center
13. Prium Utilization Review report
14. FCE report
15. Letter from Dr. Cruz
16. Medical records of Dr. Cruz and Dr. Matthews
17. Work restrictions from Dr. Cruz
18. Letter from Wal-Mart to Ms. Holborn
19. Separation notice
20. Choice of Physician form
21. Letter from Wal-Mart's counsel to Ms. Holborn's counsel
22  Wage Statement
23. Choice of Physician form
24. Medical records of Dr. Matthews
25. Affidavit of Shanan Holborn
26. Affidavit of Fred Antes
27. Medical expense records from Cookeville Regional (marked for I.D. only)
28. Picture of Wal-Mart stockroom
29. Medical records of Dr. Alan Drake for August 12, 2014 injury
30. Medical records of Dr. Alan Drake for July 4, 2014 injury
31. Wal-Mart Associate Incident report
32. Wal-Mart  notification of benefits letter and other forms
33. Wal-Mart witness statement
34. First Report of Injury
35. Choice of Physician Form
36. Medical records of Dr. Alan Drake
37. Affidavit of Shanan Holborn
38. Wal-Mart's redacted affidavit of Shanan Holborn for foot injury
39  Wal-Mart's redacted affidavit of Shanan Holborn for back injury

40. Wage statement for foot injury
41. Wage statement for back injury
42. Wal-Mart's pre-compensation hearing statement for foot
43. Wal-Mart's pre-compensation hearing statement for back
44. Employee's Response to Employer's First Set of Requests for Admissions
45. Wal-Mart wage records subsequent to Ms. Holborn's injury
46. Affidavit of Shanan Holborn
47. Affidavit of Shanan Holborn
48. Additional records of Dr. Cruz
49. Additional records of Dr. Drake
50. Medical records of Dr. Yu
51. Mileage Statement

Technical Record:

1. Petition for Benefit Determination for back injury
2. Petition for Benefit Determination for foot injury
3. Dispute Certification Notice for back injury
4. Dispute Certification Notice for foot injury
5. Request for Expedited Hearing for back injury
6. Request for Expedited Hearing for foot injury
7. Ms. Holborn's Motion to Amend DCNs
8 Wal-Mart's Motion to Dismiss REH
9. Order Denying Parties' Motions
10. Order Consolidating Expedited Hearings
11. Order Setting Expedited Hearing
12. Subpoenas Issued on behalf of Ms. Holborn
13. Ms. Holborn's Pre-Hearing Statement
14. Expedited Hearing Order
15. Petition for Benefit Determination
16. Dispute Certification Notice
17. Request for Expedited Hearing
18. Docketing Notice
19. Wal-Mart's Response to REH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 13th day of December 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Shanan Holborn | X | | X | 100 Maddux Ct., Apt. G1 Cookeville, Tennessee 38501 Shananholborn321@gmail.com |
| Tom Cassidy | | | X | Tom.cassidy@mgclaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov