FILED

February 14, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:01 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Glenda Edwards | ) | Docket No. 2017-06-0526 |
| | ) | |
| v. | ) | State File No. 6719-2017 |
| | ) | |
| Fred's Pharmacy, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua Davis Baker, Judge | ) | |

---

### Affirmed and Remanded - Filed February 14, 2018

This interlocutory appeal involves an employee, working as an assistant manager of a pharmacy, who alleged physical and psychological injuries resulting from an altercation with a shoplifter. The employee claimed the altercation aggravated her pre-existing psychiatric condition and resulted in injuries to her back, neck, arms, and ribs. The employer accepted the employee's physical injuries as compensable but denied benefits for her alleged mental injury. Following a review of the record without an evidentiary hearing, the trial court concluded the employee came forward with sufficient evidence to establish she would likely prevail at trial in establishing a compensable mental injury. The trial court designated the employee's psychiatrist as the authorized treating physician and awarded medical and temporary total disability benefits. The employer has appealed. We affirm the decision of the trial court and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

James Tucker, Nashville, Tennessee, for the employer-appellant, Fred's Pharmacy

Andrea Meloff, Nashville, Tennessee, for the employee-appellee, Glenda Edwards

### Factual and Procedural Background

Glenda Edwards ("Employee"), an assistant manager employed by Fred's Pharmacy ("Employer"), alleged that on January 24, 2017, she suffered physical and psychological injuries when confronting a shoplifter. She claimed that she was the only manager on duty when the store was "robbed" at night. According to Employee, she

confronted the thief as he tried to exit the store, and he "slammed her into the wall," hurting her back, neck, arms, and ribs. Video surveillance footage, which does not include audio, appears to show the shoplifter pushing Employee out of the way as he exited the store. Employee claimed that, in addition to her physical injuries, she was diagnosed with Post-Traumatic Stress Disorder.

On the day following the altercation, Employee attended an appointment with her psychiatrist, Dr. Oleksandr Osipchuk, from whom she had been receiving treatment for depression, anxiety, and panic attacks prior to the January 24 incident. Dr. Osipchuk's January 25, 2017 note reflects Employee complained of increasing symptoms after being "assaulted by [a] man at [work] who tried to [steal] goods from [the store]." Employee continued to follow-up with Dr. Osipchuk, who took her off work as a result of the January 24 incident.

In response to a letter from Employee's attorney, Dr. Osipchuk opined that Employee suffered an aggravation of her pre-existing psychiatric condition and that the aggravation arose primarily out of the January 24, 2017 incident at work. He further indicated Employee's psychiatric symptoms had not returned to her pre-injury baseline. Employer accepted Employee's physical injuries as compensable but denied her claim for the alleged exacerbation of her pre-existing mental condition.

Without holding a hearing, the trial court found the shoplifter "assaulted [Employee] and caused her physical injury when she tried to detain him." The court concluded that this was an "unusual occurrence in contrast to [Employee's] daily work" and, "coupled with her preexisting mental condition," the incident was capable of producing a compensable mental injury. The court appointed Dr. Osipchuk as the authorized treating psychiatrist and ordered Employer to pay temporary total disability benefits, though the court did not calculate the amount of the award at that time.[1]

Employer has appealed, asserting the trial court erred in finding Employee was likely to prevail at trial in establishing a compensable mental injury.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar

---

[1] After a wage statement was filed, the trial court issued a separate order setting out the amount owed. That order has not been appealed.

deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

### A.

Initially, we note that both parties cite Tennessee Code Annotated section § 50-6-217(a)(3) (2016) (repealed 2017) in support of their respective positions. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have previously observed, this code section was repealed effective May 9, 2017. *See Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017). Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

### B.

Regarding the merits of this appeal, Employer maintains that the trial court erred in finding Employee was likely to prevail at trial in establishing a compensable aggravation of her pre-existing mental condition. Employer asserts that Employee's altercation with the shoplifter did not give rise to a "sudden or unusual stimulus" as required by Tennessee Code Annotated section 50-6-102(17) (2017). According to Employer, managers in a retail setting commonly encounter shoplifters and, while unpleasant, such encounters are a normal part of a manager's duties.

Employee responds that Employer provided no evidence that being assaulted by a person committing a crime, resulting in psychological and physical injuries, is a "normal

job duty of an assistant manager." According to Employee, "[i]n her years of employment with Fred's she did not have any encounter similar to this event."

A "mental injury" is defined as "a loss of mental faculties or a mental or behavioral disorder." Tenn. Code Ann. § 50-6-102(17). To qualify as compensable, a mental injury must arise "primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual mental stimulus." *Id.* Cases focusing on the latter category make clear that (1) the injury must stem from an identifiable stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary stress of the worker's job. *Ireton v. Horizon Mental Health Mgmt., LLC*, No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3, at *28 (Tenn. Workers' Comp. Panel Jan. 19, 2016).[2]

However, not all mental injuries are compensable. For example, a "psychological or psychiatric response due to the loss of employment or employment opportunities" is not compensable. Tenn. Code Ann. § 50-6-102(17). Similarly, the aggravation of a pre-existing mental condition is not compensable "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). At the same time, however, "[a]n employer takes an employee with all preexisting conditions and cannot escape liability when the employee, upon suffering a work-related injury, incurs a disability far greater than if she had not had a preexisting condition." *Kellerman v. Food Lion, Inc.*, 929 S.W.2d 333, 335 (Tenn. 1996); *see also Mace v. Express Services*, No. 2015-06-0059, 2015 TN Wrk. Comp. App. Bd. LEXIS 19, at *9 (Tenn. Workers' Comp. App. Bd. June 19, 2015); *Bradshaw v. Jewell Mechanical, LLC*, No. 2014-06-0056, 2015 TN Wrk. Comp. App. Bd. LEXIS 16, at *15 (Tenn. Workers' Comp. App. Bd. June 4, 2015).

Here, the trial court considered the evidence and found Employee was likely to prevail at trial in establishing an aggravation of her pre-existing mental condition. We find nothing in the record establishing the trial court erred in reaching this conclusion. The only medical opinion in the record is from Employee's psychiatrist, Dr. Osipchuk, who opined, within a reasonable degree of medical certainty, that she suffered an aggravation of her pre-existing psychiatric condition, and that this aggravation arose primarily out of the January 24, 2017 incident at work. Employer has presented no medical proof to contradict Dr. Osipchuk's opinion.

---

[2] *See also Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 320 (Tenn. 2005) ("[T]he stress must be extraordinary and unusual in comparison to the stress ordinarily experienced by an employee in the same type [of] duty."); *Goodloe v. State*, 36 S.W.3d 62, 66 (Tenn. 2001) ("the stress produced may not be usual stress . . . in comparison to the stress ordinarily experienced by an employee in the same type [of] duty"); *Houser v. Bi-Lo*, 36 S.W.3d 68, 72 (Tenn. 2001) ("The injury must have resulted from an incident involving mental stress of an unusual or abnormal nature, rather than the day-to-day mental stresses and tensions to which workers in that field are occasionally subjected.").

Employer also contends that the altercation between Employee and the shoplifter was a "minor interaction" that did not result in a sudden or unusual stimulus capable of producing a compensable mental injury and that a manager's duties include confronting shoplifters. Employer's argument ignores Dr. Osipchuk's uncontradicted opinion that Employee suffered an aggravation of her pre-existing condition caused by the altercation. Moreover, the record is silent as to whether an assistant manager's duties typically involve confronting persons committing criminal acts. Nor did Employer present any evidence concerning Employee's duties or how often, if at all, she has had to confront shoplifters as a normal part of her responsibilities.

The trial court found that Employee had been "assaulted," that she was physically injured, that this was an "unusual occurrence in contrast to [Employee's] daily work," and that, "coupled with her preexisting mental condition," the incident was capable of producing a compensable mental injury. We are unable to conclude that the evidence preponderates otherwise at this stage of the case.

## C.

Before concluding, we note that the parties filed a "Joint Statement of the Evidence," which the trial judge approved in a separate order. However, as explained below, it is unclear how this document could operate as a statement of the evidence.

The appealing party has the burden of ensuring that an adequate record is prepared on appeal. Tenn. Comp. R. & Regs. 0800-02-22-.02(01), -.03(1) (2018); *see also* Appeals Bd. Prac. & Proc. §§ 3.4 and 3.5. Although there is no requirement that a transcript or statement of the evidence be filed to properly perfect an appeal, a party who elects not to submit either a transcript or a statement of the evidence does so at his or her peril. *Gilbert v. United Parcel Serv.*, No. 2016-06-0832, 2016 TN Wrk. Comp. App. Bd. LEXIS 38, at *13 (Tenn. Workers' Comp. App. Bd. Aug. 24, 2016). The reason, simply put, is that if the appellate court is not provided with a transcript or a statement of the evidence, the "appellate court cannot know what evidence was presented to the trial court, and there is no means by which [it] can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007).

The document filed by the parties in this case, while titled a statement of the evidence, was not a summary or recitation of testimony heard by the trial judge. Instead, it was a discussion of the procedural history of the case, the arguments of the parties, the issue presented on appeal, and a recitation of the trial court's expedited hearing order. Moreover, as noted above, no testimony was presented to the trial judge. Accordingly, there was no testimony to recite or summarize in a statement of the evidence in lieu of a transcript. Thus, the document filed by the parties and approved by the trial judge was unnecessary, as its contents were readily available from the record.

5

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Accordingly, the trial court's decision is affirmed and the case is remanded.

**FILED**

**February 14, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:01 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Glenda Edwards | ) | Docket No.  2017-06-0526 |
| | ) | |
| v. | ) | State File No.  6719-2017 |
| | ) | |
| Fred's Pharmacy, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of February, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Andrea Meloff | | | | | X | ameloff@ddzlaw.com |
| James Tucker | | | | | X | jtucker@manierherod.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov